# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| EDDIE L. SMITH, | |
| Plaintiff, | No. 18-CV-78-CJW-MAR |
| vs. | **MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |
| ANDREW M. SAUL, Commissioner of Social Security, | |
| Defendant. | |

## I. INTRODUCTION

This matter is before the Court on a December 9, 2019, Report & Recommendation ("R&R") by the Honorable Mark A. Roberts, United States Magistrate Judge. (Doc. 17). Judge Roberts recommends that the Court affirm the decision of the Commissioner of Social Security ("the Commissioner") denying plaintiff Eddie L. Smith's ("claimant") application for Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, et. seq. (*Id.*, at 1). Claimant filed a timely objection on December 23, 2019. (Doc. 18). The Commissioner has not yet responded and the deadline for a response has not expired. However, given the parties' earlier briefing on these issues, the Court will rule without waiting for a response. *See* LR 7(e).

For the following reasons, the Court **overrules** claimant's objections (Doc. 18), **accepts** Judge Roberts' R&R without modification (Doc. 17), and **affirms** the decision of the Commissioner.

## II.   APPLICABLE STANDARDS

### A.   *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003) (citation omitted). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (citation omitted).

To determine whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the [administrative law judge ("ALJ")], but [it does] not re-weigh the evidence[.]" *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010) (citation omitted). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citation omitted).

To evaluate the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citation

omitted), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citation omitted). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently[.]" *Culbertson*, 30 F.3d at 939 (citation omitted). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a clearly erroneous standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge]

would only have to review the findings of the magistrate judge for clear error."). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. PROCEDURAL HISTORY AND THE R&R

On September 10, 2014, claimant applied for Social Security benefits claiming he was disabled due to "heart problems, one lung, and schizophrenia affective disorder." (AR 291); *see also* (AR 24). On February 24, 2015, and May 11, 2015, the Commissioner denied claimant's application originally and upon request for reconsideration. (AR 112-45). On June 1, 2017, ALJ Christine A. Cooke held a hearing on claimant's application. (AR 56-88). On July 20, 2017, the ALJ found claimant was not disabled. (AR 12-24). On May 22, 2018, the Appeals Council denied claimant's appeal of the ALJ's decision. (AR 1-3).

On July 30, 2018, claimant filed his complaint with this Court. (Doc. 4). By April 16, 2019, the parties had fully briefed the issues. (Docs. 13-15). On April 17, 2019, the Court deemed the case ready for decision and referred it to Judge Roberts for an R&R. (Doc. 16). In his brief, claimant argued the ALJ erred in two ways. First, claimant argued the ALJ erred in determining that claimant could perform certain jobs

despite the mental limitations in claimant's residual functional capacity ("RFC") finding because those limitations conflict with the reasoning level requirements of those jobs. (Doc. 13, at 3-7). Second, claimant argued that the ALJ erred by failing to fully and fairly develop the record as to claimant's physical limitations. (*Id.*, at 8-10). Claimant also challenged the validity of the ALJ's appointment under the Appointments Clause. (*Id.*, at 10-23).

Judge Roberts found the ALJ did not err in finding there were jobs claimant could perform, despite his limitations. Judge Roberts concluded that there was no conflict between claimant's RFC limitations and the reasoning level requirements of the jobs the ALJ found claimant could perform. (Doc. 17, at 8-13). Similarly, Judge Roberts concluded that the ALJ sufficiently developed the record concerning claimant's physical limitations. (*Id.*, at 13-20). Finally, Judge Roberts found that claimant failed to timely raise his challenge to the ALJ's authority under the Appointments Clause. (*Id.*, at 20-23).

## IV. DISCUSSION

In his objections to Judge Roberts' R&R, claimant asserts that Judge Roberts erred on all three issues. As to the first issue, claimant argues Judge Roberts erroneously distinguished the legal authority claimant cited, and reiterates claimant's alternative argument that the ALJ erred when he failed to explain why the agency consultants' opinions about claimant's reasoning limitations were not reflected in the RFC. (Doc. 18, at 1-3). As to the second issue, claimant's entire objection is: "[Claimant] objects to the R&R's findings on this issue for the reasons provided in the in the (sic) principal brief." (*Id.*, at 3). Finally, as to the Appointments Clause issue, claimant continues to rely on the reasons in his principal brief again and acknowledges that the R&R correctly summarized this Court's uniform rejection of his argument, but asks the Court to "delay entering judgment in this case until the Eighth Circuit addresses this issue in the

consolidated cases" now pending before that court. (*Id.*, at 4). The Court will address the three issues in the same order.

### A. *Alleged Inconsistency Between the RFC Mental Limitations and Those of the Jobs the ALJ Identified That Claimant Could Perform*

Claimant argues that Judge Roberts' R&R is in error because there is an inconsistency between the ALJ's findings of claimant's RFC mental limitations and the mental requirements of the jobs the ALJ found claimant could perform. This requires a careful comparison of the limitations the ALJ articulated in the hypothetical questions to the vocational expert, the limitations in the RFC, and the limitations reflected in the reasoning levels of the jobs the vocational expert found claimant could perform.

In the hypothetical question posed to the vocational expert, the ALJ included the following limitations related to claimant's mental capacity: "Job duties must be simple, repetitive and routine in nature. This individual should never be expected to exercise independent judgment regarding the nature of his job duties. Those duties must be consistently the same with little or no change." (AR 82). The ALJ included the same mental limitations in the RFC. (AR 16). The vocational expert found that, even with claimant's mental impairments, claimant could perform the jobs of ampule sealer in the pharmaceutical industry (DOT 559.687-014), semiconductor loader (DOT 726.687-030), and semiconductor bonder (DOT 726.685-066). (AR 83-84). The ALJ ultimately found claimant was not disabled because he could perform these jobs. (AR 23-24).

The Dictionary of Occupational Titles ("DOT") contains several component sections which define the requirements of jobs. The General Educational Development ("GED") component includes a reasoning Level for each occupation within the DOT that corresponds to the ability required for satisfactory job performance. *See* DOT at 1009-11; *see also Hulsey v. Astrue*, 622 F.3d 917, 923 (8th Cir. 2010). There are six reasoning Levels within the GED. Each of the jobs the vocational expert identified, and the ALJ

found claimant could perform, required reasoning Level 2. The GED describes reasoning Level 2 as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized instructions." *See* Dictionary of Occupational Titles, Appendix C.

Claimant argues there is a conflict in the mental reasoning capacity reflected in the RFC and the identified jobs and that the ALJ failed to reconcile that conflict. Claimant argues that without such a reconciliation of the conflict, there is not substantial evidence in the record to support the ALJ's finding that claimant could perform the jobs. (Doc. 14, at 5).

Judge Roberts disagreed, distinguishing the cases claimant relied on: *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019) and *Jennings v. Berryhill*, No. C17-3062-LTS, 2018 WL 4107911 (N.D. Iowa Aug. 29, 2018). (Doc. 17, at 9). First, Judge Roberts found *Thomas* and *Jennings* distinguishable because in those cases the RFC limitations included limitations on the claimants' ability to understand or follow instructions. (*Id.*). Judge Roberts further distinguished *Jennings* because that case involved reasoning Level 3, not reasoning Level 2 at issue here. (*Id.*). Claimant also relied on *Stanton v. Commissioner, Social Security Administration*, 899 F.3d 555 (8th Cir. 2018), in which the court found an inconsistency with a limitation on the ability to follow "one-to-two step instructions" and reasoning Level 2. *Stanton*, like *Thomas* and *Jennings*, is likewise distinguishable on the same ground because here the ALJ did not find any RFC limitation related to claimant's ability to follow instructions.[1]

---

[1] In his objection to Judge Roberts' R&R, claimant for the first time cites another case, *Zeh v. Saul*, No. 8:18-cv-1608-T-SPF, 2019 WL 4233765 (M.D. Fla. Sept. 6, 2019), for the proposition that in that case the court "recogniz[ed] a limitation of 'simple, routine, repetitive tasks in a low stress environment . . . created an apparent inconsistency with the Reasoning

7

The Court agrees with Judge Roberts' analysis. The cases upon which claimant relies are distinguishable because the ALJ did not find claimant had any limitations on the ability to follow instructions. The importance in focusing on the language about a claimant's ability to understand instructions, as opposed to limitations about other mental capacities, was recently illustrated in a pair of decisions by the district court in South Dakota decided a day apart. In *Springer v. Saul*, 4:19-CV-04030-VLD, 2019 WL 4855186, at *31 (D.S.D. Oct. 1, 2019), the claimant alleged his mental limitations were inconsistent with reasoning Levels 2 or 3 jobs. But the court looked to the language in the RFC as it was articulated in the hypothetical to the vocational expert and in the ALJ's written decision. In both instances, the ALJ used the phrase "simple routine tasks" and "simple work-related decisions" and did not include any limitations about the ability to understand or follow instructions. *Id.*, at *33. Citing *Moore v. Astrue*, 623 F.3d 599 (8th Cir. 2010), the court found there was no inconsistency between these limitations and Level 2 or 3 jobs and affirmed the ALJ. *Id.* In *Flatequal v. Saul*, 4:19-CV-04045-VLD, 2019 WL 4857584, at *29 (D.S.D. Oct. 2, 2019), on the other hand, the court observed that the ALJ used the phrase "short simple instructions" and "simple work-related decisions" in both the hypothetical question to the vocational expert and the RFC. Because of the limitations on the claimant's ability to follow instructions, the court found an inconsistency with reasoning Level 2 or 3 jobs and remanded the case to the ALJ. *Id.*

---

Level 2 and Reasoning Level 3 jobs the ALJ relied on to deny benefits, but the error was harmless given the ALJ relied also relied (sic) on a Reasoning Level 1 job to deny benefits." (Doc. 18, at 2-3). Claimant misstates the holding in *Zeh*. In that case, the court explicitly did not address the claimant's argument that the RFC conflicted with Level 2 and Level 3 reasoning jobs. *Zeh*, 2019 WL 4233765, at *3. The court did not, in fact, find any conflict. The court merely stated that any conflict, if it existed at all, was at most harmless. The court simply did not reach that issue because it found one of the three jobs was a Level 1 reasoning job which it was clear the claimant could perform. *Id.*, at *3-4.

In his objections to the R&R, claimant argues that Judge Roberts inaccurately framed the *Jennings* limitations as less restrictive "in terms of Reasoning Level limitations . . . given the RFC limitations in this case included the command that [claimant] "should never be expected to exercise independent judgment regarding the nature of his job duties. He must have duties that are consistently the same with little or no change." (Doc. 18, at 2). Claimant argues that "[t]his limitation when paired with the 'simple, repetitive, and routine in nature' limitation in the ALJ's RFC determination is clearly a Reasoning Level 1-type limitation." (*Id.*). Claimant did not make this argument in his principal brief. Nor has claimant cited any authority for this "clear" assertion. The Court could find no case holding that a claimant with these limitations is incapable of performing a reasoning Level 2 job. Nor do the mental requirements of a reasoning Level 2 job appear to this Court to be at odds with these limitations. A person with reasoning Level 2 can "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized instructions." This does not require an exercise of independent judgment regarding job duties and is not inconsistent with limiting changes in job duties. Judge Roberts did, correctly, find the limitations in *Jennings* distinguishable from the limitations here because, as noted, *Jennings* involved RFC limitations on the claimant's ability to follow instructions where there was none here. The Court finds this to be a valid basis to distinguish *Jennings*.

Judge Roberts also rejected claimant's argument that *Stanton* applies here because the vocational expert must have meant to incorporate a one-to-two step instruction limitation and the ALJ failed to explain why he did not adopt such a limitation. Judge Roberts found that even if claimant was limited to following only one-to-two step instructions, it would not prevent him from performing reasoning Level 2 jobs. (Doc. 17, at 10-11). In reaching this conclusion, Judge Roberts relied on *Moore*, 623 F.3d at

604, in which the court found that an RFC limitation to "carrying out simple job instructions" and performing "simple, routine and repetitive work activity at the unskilled task level" was not incompatible with reasoning Level 2 jobs. Judge Roberts noted that *Moore* also reiterated that DOT job descriptions provide maximum job requirements and that, without evidence to the contrary, there is no reason to believe the vocational expert did not consider all the limitations provided in a hypothetical when rendering an opinion about a claimant's ability to perform a job. (Doc. 17, at 10-11) (citing *Moore*, 623 F.3d at 604-05). The Court agrees with Judge Roberts' analysis and finds that *Moore* supports the ALJ's conclusion.

Judge Roberts also noted that the RFC limitation in *Moore* was even more restrictive than here because in *Moore* the RFC included a limitation on the ability to follow instructions and here there was none. (Doc. 17, at 11-12). The Court agrees and notes that it recently affirmed an ALJ's finding under similar facts. In *Gilbert v. Saul*, No. C18-2045-LTS, 2019 WL 4751552, at *16-18 (N.D. Iowa Sept. 30, 2019), the hypothetical question posed to the vocational expert and the RFC included a limitation of "low stress work" defined "as involving simple, routine tasks, with simple work[-]related decisions and few if any changes in work setting." The ALJ did not include any limitations about the number of instructional steps the claimant could be expected to follow. The Court found that reasoning Level 2 jobs were not inconsistent with these limitations. *Id.*, at *18-19; *see also Murphy v. Berryhill*, NO. 18-CV-61-LRR, 2019 WL 2372896, at *6 (N.D. Iowa Apr. 10, 2019) (holding that RFC determination limiting claimant to "simple, routine, and repetitive tasks" was "consistent with jobs requiring level 2 and level 3 reasoning").

In a footnote, Judge Roberts also rejected a claim that the ALJ's decision was deficient because the ALJ did not explain why he did not include a limitation on claimant's ability to follow instructions when the ALJ gave some weight to the opinions of agency

consultants who found such a limitation appropriate. (Doc. 17, at 12 n.6). Judge Roberts first rejected this argument because it was not sufficiently raised and argued. (*Id*.). In his objection to Judge Roberts' R&R, claimant does no better, simply repeating the same conclusory assertion that "the ALJ's failure to explain why the 1-to-2-step commands limitation was not expressly adopted otherwise presents an error[.]" (Doc. 18, at 3). The Court finds this argument no more developed in the objection than it was in claimant's principle brief before Judge Roberts and the Court rejects it here for the same reason.[2] Judge Roberts also rejected this argument on the merits, summarizing in some detail why the ALJ adopted the mental limitations he did in the RFC. (Doc. 17, at 12 n.6). In his objection to Judge Roberts' R&R, claimant does not address this part of Judge Roberts' analysis, and thus has made no objection to it at all. An ALJ may, based on support in the record, elect to adopt or disregard different findings in a medical source's opinion, even when affording that opinion weight. *See Pirtle v. Astrue*, 479 F.3d 931, 934 (8th Cir. 2007); *Cannady v. Colin*, No. 4:14-cv-00372-NKL, 2015 WL 139762, at *5 (W.D. Mo. Jan. 12, 2015); *see also Murphy v. Berryhill*, No. 18-CV-61-LRR, 2019 WL 1140235, at *16 (N.D. Iowa Mar. 12, 2019). Reviewing this part of Judge Roberts' R&R for clear error, then, the Court finds none and overrules claimant's objection, to the extent he has made one.

In short, the Court overrules claimant's objection to Judge Roberts' R&R on the first issue, after conducting its own de novo review and accepts the R&R on this issue.

---

[2] In his objection to Judge Roberts' R&R, claimant cites *Gann v. Berryhill*, 864 F.3d 947, 952-53 (8th Cir. 2017), a case he did not cite in his principle brief, to support this argument. The Court finds *Gann* inapplicable, though, because that case involved the failure of an ALJ to incorporate into a hypothetical question all of the RFC limitations. Claimant has not argued the ALJ failed to do that here.

### B. *Alleged Failure to Develop the Record of Claimant's Physical Limitations*

Claimant's objection to Judge Roberts' R&R on the second issue simply states that he objects for the same reasons stated in his principal brief. (Doc. 18, at 3). This objection fails to comply with Local Rule 72A, which states that "[a] party who objects to . . . a magistrate judge's report and recommendation must file *specific*, written objections to the . . . report and recommendation . . . ." LR 72A (emphasis added); *accord* FED. R. CIV. P. 72(b)(2) (stating that "a party may serve and file *specific* written objections to the proposed findings and recommendations" (emphasis added)). Claimant's objection to Judge Roberts' R&R is, in short, that claimant does not like the ruling. He articulates no reasons other than those already argued to, and addressed by, Judge Roberts. Claimant's general, nonspecific, objection on the second issue would require the Court to duplicate the work Judge Roberts has already done, thus defeating the purpose of the R&R.

A court may exercise its discretion to treat such nonspecific objections as making no objection at all. *See, e.g.*, *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (finding that a general objection to the entirety of a magistrate judge's R&R "has the same effects as would a failure to object."); *United States v. Scott*, No. CR07–2004–MWB, 2007 WL 1668058, at *4 (N.D. Iowa June 7, 2007) ("Therefore, the court denies defendant Scott's objection on the ground that defendant Scott has failed to state his objection with the requisite particularity."). The Eighth Circuit Court of Appeals has repeatedly noted that district courts need not conduct a de novo review of a magistrate judge's order when the objecting party makes only a general, conclusory objection. *See, e.g.*, *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994); *see also Thompson v. Nix*, 897 F.2d 356, 357–58 (8th Cir. 1990) ("We also remind parties

that objections must be . . . specific to trigger de novo review by the District Court of any portion of the magistrate's report and recommendation.").[3]

Here, the Court exercises its discretion to review claimant's objection on the second issue for clear error. To do otherwise would defeat the purpose of an R&R. *See Whited v. Colvin*, No. C 13-4039-MWB, 2014 WL 1571321, at *3 (N.D. Iowa Apr. 18, 2014). Having found no clear error, the Court adopts Judge Roberts' R&R on the second issue.

### C. *Appointments Clause Argument*

Similar to his treatment of the second issue, claimant articulates no grounds for why the Court should find Judge Roberts' R&R was erroneous on the Appointments Clause issue and makes only a general objection. (Doc. 18, at 4; "[Claimant] objects to the R&R's finding on this issue and continues to rely on her (sic) principal briefing."). Claimant does not assert that Judge Roberts made an erroneous factual finding or misinterpreted the law. Indeed, claimant acknowledges that Judge Roberts was "correct in explaining this Court has uniformly found in favor of the Commissioner in response to this issue[.]" (Doc. 18, at 4). For the same reasons stated in the prior section, then, the Court reviewed Judge Roberts' R&R on this issue for clear error. Having found none, the Court adopts Judge Roberts' R&R on the Appointments Clause issue.

---

[3] The Eighth Circuit Court of Appeals has suggested, however, that in cases involving "strikingly brief" records, or those in which a pro se litigant objects, district courts should apply de novo review standard more liberally, even in the face of general objections. *See Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (holding that a litigant's "pro se objections sufficiently directed the district court to the alleged errors"). Here, claimant was represented by an experienced attorney who was cautioned by this Court against making general, non-specific objections just last month. *See* (*Hickman v. Comm'r Soc. Sec.*, 6:18-cv-02060-CJW-KEM, (N.D. Iowa Nov. 20, 2019) (Doc. 19, at 9-10)). Further, the record is relatively lengthy here. Thus, the Court will not apply the de novo review standard more liberally.

Claimant, however, asks for relief from this Court that he did not request in his principal brief. Claimant attempts to distinguish this Court's prior uniform rulings on the Appointments Clause issue by asserting that "all of the prior decision (sic) were provided where there was a lack of controlling authority on this issue." (*Id.*). Claimant notes that in November the Eighth Circuit Court of Appeals heard argument on consolidated cases addressing this issue and that the Third Circuit Court of Appeals also heard arguments on this issue. (*Id.*). Claimant then asks the Court to "delay entering judgment" until after the courts issue opinions in one or both of these cases. (*Id.*).

The Court denies claimant's request to delay or stay entry of judgment. There is still no controlling authority on this issue at this time, and any opinion by the Third Circuit Court of Appeals would not be controlling in any event. Further, claimant has failed to make a sufficient showing to support a stay of judgment pending the outcome of an appeal in a different case. In *Arkansas Peace Center v. Arkansas Dept. of Pollution Control*, 992 F.2d 145, 147 (8th Cir. 1993), the court held that a party seeking a stay must show: (1) the party's position is likely to succeed on the merits, (2) the party will suffer irreparable injury unless the stay is granted, (3) no substantial harm will come to other interested parties, and (4) the stay will do no harm to the public interest. Claimant has not made a showing under any of these factors. Thus, to the extent claimant's request that the Court delay entry of judgment constitutes a valid objection to Judge Roberts' R&R, it is overruled. *See Gilbert*, 2019 WL 4751552, at *20 (declining to stay entry of judgment pending a decision by the Eighth Circuit Court of Appeals on the Appointments Clause issue).

## V. CONCLUSION

For these reasons:

1. Claimant's objections (Doc. 18) to the Report and Recommendation (Doc. 17) are **overruled**.

2. The Court **accepts** the Report and Recommendation (Doc. 17) without modification. *See* 28 U.S.C. § 636(b)(1).

3. The Commissioner's determination that claimant was not disabled is **affirmed** and judgment will enter against claimant and in favor of the Commissioner.

**IT IS SO ORDERED** this 9th day of January, 2020.

_____
C.J. Williams
United States District Judge
Northern District of Iowa